UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TIFFANY HARRIS, individually and on behalf
of all others similarly situated,

        Plaintiff,

-against-

SHORE FUNDING SOLUTIONS, INC.;
    Defendant,

Civil Action No.: 23-cv-00789

**ANSWER**

---

The Defendant, Shore Funding Solutions Inc. ("Defendant") through their attorney, Clifford Olshaker, P.C. as and for an answer respond to the allegations contained in the undated Complaint filed February 2, 2023 (the "Complaint") as follows:

1. Paragraph 1 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

2. Paragraph 2 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

3. Paragraph 3 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

4. Paragraph 4 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

5. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

9. Paragraph 9 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

10. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

12. Paragraph 12 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

13. Paragraph 13 of the Complaint is a legal/administrative conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

14. Paragraph 14 of the Complaint is a legal/administrative conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

15. Paragraph 15 of the Complaint is a legal/administrative conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 18 of the Complaint.

19. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 24 of the Complaint.

25. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 29 of the Complaint.

30. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint is a legal/administrative conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

    35(a) Defendant denies the allegations contained in Paragraph 35(a) of the Complaint.

35(b) Defendant denies the allegations contained in Paragraph 35(b) of the Complaint.

35(c) Defendant denies the allegations contained in Paragraph 35(c) of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## FIRST CAUSE OF ACTION

40. The Defendant reasserts its responses to Paragraphs 1-39 of the Complaint as if fully incorporated herein.

41. Paragraph 41 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

42. Paragraph 42 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

43. Paragraph 43 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

44. Paragraph 44 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

### Prayer For Relief

45. Defendant denies that Plaintiff is entitled to the relief sought in Section A of the Prayer for Relief.

46. Defendant denies that Plaintiff is entitled to the relief sought in Section B of the Prayer for Relief.

47. Defendant denies that Plaintiff is entitled to the relief sought in Section C of the Prayer for Relief.

48. Defendant denies that Plaintiff is entitled to the relief sought in Section D of the Prayer for Relief.

## Defendant's Affirmative Defenses

49. Plaintiff's claims may be barred in whole or in part by the doctrines of laches, estoppel, waiver and/or unclean hands.

50. Defendant does not use an Automatic Telephone Dialing System for the purposes of the TCPA.

51. Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are banned, in whole or in part, or are limited because the subject telephone calls (including but not limited pre-recorded calls) constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment right of Defendant.

52. Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff and/or the putative classes Plaintiff seeks to represent lack standing to bring this action. Neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution.

53. Defendant asserts that the Court lacks subject matter jurisdiction over this matter because the Telephone Consumer Protection Act (TCPA) is unconstitutional.

54. Plaintiff fails to state and cannot state a plausible claim for class relief pursuant to FRCP 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, and class relief is not superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff seeks to assert. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequacy requirements for this case to proceed as a class action.

55. Plaintiff has suffered no injury in fact and as a result has no standing to pursue this action.

56. Plaintiff is a professional plaintiff in multiple TCPA cases and cannot demonstrate that she has suffered an injury in fact due to Defendant's alleged actions.

57. Assuming the Plaintiff suffered damages she has failed to mitigate her alleged damages and or take reasonable steps to avoid or reduce her alleged damages.

58. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of the Defendant.

59. Plaintiff's claims are barred because Defendant was provided with "prior express consent" within the meaning of TCPA, 47 U.S.C. § 227(b)(1)(A), for any calls allegedly placed to the alleged cellular phone number at issue by any alleged automatic telephone dialing system.

60. Plaintiff has failed to state a claim against the Defendant upon which relief may be granted.

61. Plaintiff is precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

62. The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution including the Due Process Clause.

63. Plaintiff's claims are barred to the extent Plaintiff was not the intended called party, and on that basis Plaintiff lacks standing to sue for the alleged claims.

64. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

65. Defendant expressly reserves the right to assert such other affirmative defenses as may be appropriate.

WHEREFORE, by reason of the foregoing, Defendants demand judgment as follows:

A. Dismissing the Complaint in its entirety;

B. Awarding legal fees, costs and disbursements in favor of the Defendants; and

C. Such other and different relief as to the Court may seem just and proper.

Dated: Elmhurst, New York
September 8, 2021

BY: Clifford B. Olshaker, Esq.
*Attorney for Defendant*
*Shore Funding Solutions, Inc.*
47-40 75th Street, Third Floor
Elmhurst, NY 11373
(718) 429-2505
Facsimile (718) 429-2096
cliffordolshaker@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, the Defendant's Answer was served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Anthony Paronich
*Attorney for Plaintiff*
350 Lincoln St., Suite 2400
Hingham, MA 02043