# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

March 6, 2023

**VIA ECF**

Honorable James M. Wicks
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    **Harris v. Shore Funding Solutions, Inc.,** Civil Action No. 23-cv-789

Dear Judge Wicks:

    Our firm represents the plaintiff in the above-referenced matter. The Plaintiff is submitting this letter in response to the Defendant's letter that it intends to file a motion to bifurcate discovery in this matter. While the Plaintiff will submit to the motion, other Courts in this District have rejected similar requests:

> In fact, bifurcation would have the opposite effect. Much of the discovery sought appears [*7] relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. *Accord* DE [25] (Defendant arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

*Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL, 2016 U.S. Dist. LEXIS 6778, at *6-7 (E.D.N.Y. Jan. 12, 2016). Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another Telephone Consumer Protection Act, 47 U.S.C. 227, case earlier this year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of

    the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). Moreover, in another TCPA case pending before this Court, there is no bifurcated discovery as the parties have worked cooperatively in discovery with no discovery dispute related motions filed. *See Naiman v. Big Think Capital Inc.*, Civil Action No. 22-cv-2531.

    Finally, while the Plaintiff has previously filed lawsuits alleging similar violations of the TCPA, she is by no means a "professional", as she has unrelated gainful employment. Moreover, the Defendant has similarly faced complaints for violations of the TCPA, neither of which should impact the Defendant's upcoming motion.

    Thank you to the Court for its consideration of our submission.

                     Respectfully Submitted,

                      Anthony I. Paronich

cc: All Counsel of Record (Via ECF