# LAW OFFICE OF CLIFFORD OLSHAKER, P.C.

40-47 75TH STREET, 2ND FL
ELMHURST, NEW YORK 11373

PHONE: (718) 429-2505
FASCIMILE: (718) 429-2096
CLIFFORDOLSHAKER@YAHOO.COM

March 23, 2023

*Via ECF*

The Honorable James M. Wicks
Magistrate Judge for the
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

Re:   Harris v. Shore Funding Solutions, Inc., Case No. 231-cv-00789-JMA-JMW

Your Honor:

I represent the defendant Shore Funding Solutions, Inc. ("Defendant" or "Shore Funding") in the above-referenced proposed class-action lawsuit alleging a single violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Pursuant to the Court's March 13, 2023 Scheduling Order, I submit this letter motion respectfully requesting that discovery be bifurcated by initially allowing the parties to conduct discovery with regard to two narrowly-defined questions of fact that are potentially dispositive of plaintiff Tiffany Harris' ("Plaintiff" or "Harris") individual claim. Expensive and time-consuming class-wide discovery would be avoided if Plaintiff's individual claim is dismissed.

## I.   FACTUAL BACKGROUND

### A. THE PARTIES

Plaintiff is a resident of Alabama who alleges that Defendant made a single pre-recorded call to her at (205) 503-XXXX on April 19, 2022 (Compl. ¶¶ 19-20). The Court should be aware

that Ms. Harris is presently the Plaintiff in at least four other TCPA lawsuits each seeking class certification.[1]

Shore Funding is a Melville, Long Island based merchant financing firm that provides capital to small to medium-sized businesses. A portion of Shore Funding's marketing is done through telemarketing including live calls as well as calls in which the recipient hears a pre-recorded voice inviting the small business owner to "press 1" to be connected to a live representative to initiate the financing application. A business owner interested in applying for financing can submit an application at the company's website. Prior to submission, the applicant must check a box agreeing to receive texts, cell phone calls, emails, and SMS messages sent by Shore Funding.[2]

## B. LEGAL CLAIMS

Plaintiff's individual claim alleges that "Defendant placed a pre-recorded call to Plaintiff on April 19, 2022. . . [that] instructed the call recipient to press a number if interested in a loan." She claims that "[t]he pre-recorded message did not identify the company calling. The Plaintiff pressed the number and spoke to a live individual. The individual she spoke to was 'Dan Katz'. . . . [who] identified himself as an employee of the Defendant. Mr. Katz promoted loan that the Defendant would charge the Plaintiff to take out [*sic*]. Mr. Katz then sent the Plaintiff an e-mail consistent with the offer from the solicitation." (Compl. ¶¶ 20-27.).

Plaintiff's class claims allege that "Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication." *Id.* at ¶ 28. Plaintiff asks the Court to certify a single class:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone number (2) Defendant, or a third party on their behalf, placed a call using pre-recorded messages (3) within four years prior to the filing of the Complaint." *Id.* at ¶ 30.

The Complaint prays for "Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number using a pre-recorded to any residential or cellular telephone number in the future [*sic*]."

After receiving a copy of the Complaint, the undersigned contacted Anthony Paronich, Esq, attorney for Plaintiff, and asked him for his client's complete phone number as the number reflected in the Complaint is partially redacted. Mr. Paronich provided me with the entire phone number and I forwarded it to my client to see if, in fact, Ms. Harris was called on April 19, 2022,

---

[1] *See* Harris v. Champion Opco LLC, 22-CV-429 (S.D. Oh.); Harris v. Turn 5 Inc. d/b/a American Trucks, 22-CV-4124 (E.D. Pa.); Harris v. Advanced Marketing & Processing, Inc d/b/a Protect my Car, 22-CV-2651 (M.D. Fla); Harris v. Premium Merchant Funding One, LLC, d/b/a Premium Merchant Funding, 23-CV-344 (S.D.N.Y.).
[2] *See* https://shorefundingsolutions.com/web/apply-now.

2

the day the alleged violation took place.[3] My client completed a search of the outgoing call database for such day and found no record of any calls made to (205) 503-XXXX on April 19, 2022, nor at any other time. I called Mr. Paronich to see if his client perhaps had a screen shot of the incoming call or a cell phone log of incoming calls to confirm that his client did, in fact, receive a call from the Defendant on the day in question. He responded that such information would be turned over during formal discovery. A day or so later I received a copy of a subpoena sent by Mr. Paronich to MetroPCS seeking "Incoming call logs for phone number 205-503-XXXX, for calls which occurred on April 19, 2022." A copy of such subpoena is exhibited hereto as **EXHIBIT A**. The undersigned has not been made aware of MetroPCS's response to the subpoena.

It is submitted that it is overwhelmingly likely that Plaintiff, at this point, has no evidence that she was actually called on the day alleged in the Complaint. Leaving aside whether this case should have been filed in the absence of such evidence, the threshold issue of whether Defendant called Plaintiff on the date alleged in the Complaint should be resolved before Plaintiff is permitted to engage in class-wide discovery.

## II. DISCOVERY SOULD BE BIFURCATED SO THE PARTIES CAN DETERMINE WHETHER HARRIS' INDIVIDUAL CLAIMS HAVE MERRIT BEFORE PROCEEDING TO EXPENSIVE CLASS-WIDE DISCOVERY

### A. LEGAL STANDARD

It is well-settled that "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *See* EM Ltd. V. Rep. of Argentina, 695 F.3d 201, 207 (2d Cir. 2012); Local 3621, Ems Officers Union v City of NY, 2020 US Dist. LEXIS 44570, at *13-15 (S.D.N.Y. Mar. 11, 2020). On "a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)" Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 2009 U.S. Dist. LEXIS 78476, (S.D.N.Y. Sept. 1, 2009); *accord* Roper v. City of New York, 2017 U.S. Dist. LEXIS 14918 (S.D.N.Y. Jan. 25, 2017).

"Federal Rule of Civil Procedure 26(d) also allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case." Roper, at *1; *see* Thrower v. Pozzi, 2002 U.S. Dist. LEXIS 1035, (S.D.N.Y. Jan. 24, 2002); Ass'n Fe Y Allegria v. Rep. of Ecuador, 1999 U.S. Dist. LEXIS 4815 (S.D.N.Y. Mar. 16, 1999). In determining whether to grant a stay of discovery, the Court "must look to the particular circumstances and posture of each case." Alford v. City of New York, 2012 U.S. Dist. LEXIS 37876 (E.D.N.Y. Mar. 20, 2012). As the moving party, Defendant bears the burden of demonstrating good cause under Rule 26(c). *See* Roper. "Good Cause may exist where the resolution of a single issue may resolve the case and render trial on the other issues unnecessary," Tabor v. N.Y. City, 2012 U.S. District LEXIS 29004 (E.D.N.Y. Feb 23, 2012), "or where a narrow, potentially dispositive issue being totally distinct from class issues has the potential to render

---

[3] While there is presently no Confidentiality Stipulation or Order in place Mr. Paronich and I informally agreed that the phone number would remain redacted in all pleadings.

3

Plaintiff's TCPA claim baseless." Cunningham v Big Think Capital Inc., 2021 US Dist. LEXIS 184642 (E.D.N.Y. Sep. 27, 2021,)

Also relevant to the question of bifurcation is Federal Rule of Civil Procedure 42(b), which permits a district court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, [to] order a separate trial of any claim. . ." Fed. R. Civ. P. 42(b). The Second Circuit has recognized that Rule 42(b):

> affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party.

Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999) (internal citations omitted).

Bifurcation is disfavored "where discovery relating to class issues overlaps substantially with merits discovery given that in such circumstances, bifurcation will result in duplication of efforts and needless line-drawing disputes. Moreover, Courts will not bifurcate if bifurcation will simply delay class certification or obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff." Cunningham at *5, citing Hines v Overstock.com, Inc., 2010 US Dist. LEXIS 70205, at *3 (E.D.N.Y. July 13, 2010).

### B. Discussion

Defendant asks the Court to limit discovery for a period of not more than ninety days to provide the parties time to answer two straightforward questions of fact, either of which, if answered in the negative, would allow Defendant to have Plaintiff's case dismissed through a motion made pursuant to FRCP 56. Specifically, Defendant intends to determine whether Plaintiff: 1) was actually called by Defendant at (205) 503-XXXX on April 19, 2022 as alleged in the Complaint; and 2) whether the Plaintiff is actually the owner of a phone that has such number assigned to it.

Many, if not most TCPA complaints exhibit a screen shot of the call or an incoming call log that demonstrates that a call was actually made to a plaintiff. That Harris failed to provide a scintilla of evidence to support the alleged facts of the Complaint was unusual. Her attorney's subsequent inability/refusal to provide evidence of the alleged call on an informal basis was equally out of the ordinary as every other attorney representing a TCPA plaintiff with whom I have spoken eagerly supplies "proof" of my client's alleged misdeeds.

This is also the first TCPA case where Shore Funding has no record of making the call that is alleged to have violated the statute. In the four other cases in which I have represented the Defendant in Federal Court I have always been provided with confirmation that the Plaintiff was actually called, leaving us to litigate the remaining issues of the case (e.g., consent, whether an ATDS was employed, Article III standing).

Plaintiff had to subpoena *her own* cell phone carrier (**EXHIBIT A**) to obtain evidence that she actually received the alleged call. Unquestionably, such evidence should have been in her possession prior to filing this case in which she seeks to be lead plaintiff of a class demanding $5,000.000.00 in damages from the Defendant. Her inability/refusal to produce evidence of the call demands that initial discovery be tailored to resolve the threshold issue as to whether Plaintiff was actually called by the Defendant.

It is furthermore likely that Plaintiff is not the owner of the phone to which number (205) 503-XXXX is assigned. In Harris v. Champion Opco LLC, 22-CV-429 (S.D. Oh.)[4] the defendant's counsel identified the same phone number as being "advertised in connection with 'Savage Life Restoration and Customs [("Savage Life"])' as a custom home builder." (*See* Defendant's Motion to Dismiss; pg. 6; ECF No. 11). The website for such company asks potential customers to call the number in question. *See* https://savage-life-restoration-and-customs.business.site/.

A review of the Alabama Secretary of State Business Records Database indicates that Savage Life Restorations, LLC was formed by Jason Brown on May 14, 2021. No other party is mentioned in the formation documents of the LLC which are attached hereto as **EXHIBIT B**. While it is acknowledged that a company's formation documents will not bear the names of everyone affiliated which such company, the association of (205) 503-XXXX with a business not owned by Plaintiff raises the question that such number is not affiliated with a phone that she owns.

Limiting discovery for ninety days to determine whether Plaintiff actually received a call from Defendant and whether the phone number in question belongs to the Plaintiff will permit the parties to determine whether this case can proceed without engaging in expensive and time-consuming class-wide discovery. Plaintiff has already emailed the undersigned class-wide discovery demands that include a demand to "produce all documents containing . . . information for each outbound telemarketing call sent by [Defendant]" for the last four years. Attached hereto as **EXHIBIT C** is a copy of Plaintiff's Discovery Demands. Such demand will take weeks and tens of thousands of dollars in legal fees to comply with.

The two questions identified in this letter motion are precisely "the narrow, potentially dispositive issue[s] being totally distinct from class issues [that have] the potential to render Plaintiff's TCPA claim baseless" as discussed by this very Court in Cunningham. Limiting discovery for ninety days to these two threshold issues will in no way overlap with potential class-wide discovery. The question of whether Plaintiff was ever called and whether she owns the phone to which number (205) 503-XXXX is assigned are wholly distinct from the class-wide allegations. There will be no duplication of discovery efforts nor will line-drawing issues arise due to the narrow scope of the proposed initial phase of discovery.

A discovery plan that is tailored to address the narrowly defined questions presented in this letter motion will allow the resolution of threshold issues in an efficient and cost-effective manner prior to undertaking expensive class-wide discovery should such class-wide discovery ever become necessary.

---

[4] This is the same Tiffany Harris who is the Plaintiff in the present case.

5

It is submitted that Defendant has met the "good cause" standard articulated by the Court in <u>Tabor v. N.Y. City</u>, 2012 U.S. District LEXIS 29004 (E.D.N.Y. Feb 23, 2012) and that Defendant's motion to bifurcate should be granted in its entirety.

I respectfully thank the Court for its consideration of these issues.

Sincerely,

Clifford Olshaker