# LAW OFFICE OF CLIFFORD OLSHAKER, P.C.

40-47 75TH STREET, 2ND FL
ELMHURST, NEW YORK 11373

PHONE: (718) 429-2505
FASCIMILE: (718) 429-2096
CLIFFORDOLSHAKER@YAHOO.COM

April 10, 2023

*Via ECF*

The Honorable James M. Wicks
Magistrate Judge for the
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

Re: <u>Harris v. Shore Funding Solutions, Inc., Case No. 231-cv-00789-JMA-JMW</u>

Your Honor:

  I represent the defendant Shore Funding Solutions, Inc. ("Defendant" or "Shore Funding") in the above-referenced proposed class-action lawsuit alleging a single violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Pursuant to the Court's April 6, 2023 Order I submit this reply to Plaintiff's opposition to my March 23, 2023 letter motion requesting that discovery be bifurcated. Plaintiff Tiffany Harris' ("Plaintiff" or "Harris') opposition confirms that Plaintiff and her counsel failed to conduct basic due diligence prior to her filing a class-action lawsuit seeking $5,000,000.00 in damages from Shore Funding. It is submitted that there is an overwhelming likelihood that the single call from Shore Funding to Harris alleged in the Complaint never took place. If discovery reveals this to be so, Plaintiff and her attorney have committed a sanctionable offense. The Court should permit this case to proceed in a manner that allows Defendant to resolve Plaintiff's individual claims efficiently and expediently given Plaintiff's irresponsible rush to file suit without having done a modicum of investigation concerning the single call that lies at the heart of Plaintiff's claims.

  In Defendant's motion to bifurcate askes for discovery to initially be limited to two threshold issues relating to Plaintiff's individual claims. Specifically, whether Plaintiff: 1) was actually called by Defendant at (205) 503-XXXX on April 19, 2022 as alleged in the Complaint;

and 2) whether the Plaintiff is the owner of the phone that has such number assigned to it. Plaintiff's opposition has done nothing to resolve either of these threshold issues.

I.  **PLAINTIFF PUTS FOR ABSOLUTELY NO EVIDENCE THAT THE SINGLE CALL ALLEGED IN THE COMLAINT EVER TOOK PLACE**

A. THE HARRIS AFFIDAVIT IS A LEGAL NULLITY

Plaintiff puts before the Court an unsworn affidavit (the "Harris Affidavit") to support her opposition to Defendant's motion to bifurcate. Such "affidavit" does not remotely conform to the requirements of unsworn declarations permitted under 28 USCS § 1746. Accordingly, the Harris Affidavit is a legal nullity and can be given no weight by the Court in connection with the present motion. It is a self-serving statement improperly placed before the Court to ostensibly prove *inter alia* that Harris was the recipient of an unwanted, pre-recorded call from Shore Funding on April 19, 2022.

B. THE APRIL 19, 2022 EMAIL IS EVIDENCE OF NOTHING

Plaintiff exhibits an email dated April 19, 2022, the day she allegedly received the call that forms the basis of her case, from Don Katz, an employee of Shore Funding. Harris has submitted this email to demonstrate that she was, in fact, called by Shore Funding on the day in question. The email fails to accomplish Plaintiff's objective for several reasons: 1) The email is not addressed to Plaintiff, it is addressed to someone named William; and 2) the email makes absolutely no reference to a phone call. Accordingly, Harris' exhibited email does nothing to resolve the threshold issue as to whether Defendant placed a pre-recorded call to Plaintiff on April 19, 2022 as alleged in the Complaint.

The Court will note that the March 6, 2023 subpoena sent by Plaintiff's attorney to Metro PCS (Plaintiff's own cell phone provider) was returnable last week, on April 6, 2023. *See* Defendant's **EXHIBIT A**. As of this writing (April 10, 2023) I have heard nothing from Plaintiff's counsel regarding any response that Metro PSC might have given. It is respectfully submitted that there is a strong likelihood that the alleged phone call that forms the basis of Plaintiff's case never took place. As stated in Defendant's motion, Shore Funding has absolutely no record of a call made to Plaintiff as alleged in the Complaint.

This case should have never been filed without evidence that Defendant called Plaintiff on the day in question. Obtaining proof of receipt of a phone call is not difficult even if Plaintiff's "cellular telephone provider only keeps bills available on her account for 90 days [sic]." Plaintiff has filed a class action complaint that has already cost Defendant more than $15,000.00 in legal fees to defend without having first determined whether Plaintiff was actually called on the day she alleges.

It is respectfully submitted that Plaintiff and her attorney have failed to make a "reasonable inquiry. . . [that] the factual contentions [of the Complaint] have evidentiary support" as required by FRCP Rule 11(b). Shore Funding should not have to undertake expensive and time-consuming

class-wide discovery when Plaintiff has failed to take basic steps to ensure that her pleadings were factually accurate.

## II. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THE PHONE NUMBER IN QUESTION BELONGS TO A PHONE REGISTERED TO HER

### A. NO FOUNDATION IS PROVIDED TO ADMIT THE ACCOUNT SUMMARY AS A BUSINESS RECORD

Plaintiff exhibits an Account Summary, allegedly provided by Metro by T-Mobile[1], to demonstrate that the phone number (205) 503-XXXX is registered to her. Such document is inadmissible hearsay as Plaintiff has failed to provide any foundation for the admission of such evidence as required by the Business Records Rule codified in USCS Fed Rules Evid R 803(6)(D). Without such foundation, the account summary cannot be admitted under the Business Records Rule. Accordingly, the issue of whether the phone number listed in the Complaint is actually owned by Plaintiff remains unresolved.

Defendant has proposed a bifurcated discovery plan that will permit the resolution of threshold issues related to Plaintiff's individual claim that will in no way overlap with class-wide discovery. It is submitted that—in a rush to file the case—Plaintiff has failed to perform the necessary due diligence required to determine whether her claims have an evidentiary basis. Defendant should not be made to pay for Plaintiff's impatience and lack of care. The Court should, accordingly, grant Plaintiff's motion to bifurcate discovery. Furthermore, as Plaintiff has attempted to offer sworn testimony in opposition to Defendant's motion, the Court should compel her to be physically present at oral arguments scheduled to be held on April 21, 2023 so that her "sworn" statements can be properly brought before the Court.

I respectfully thank the Court for its consideration of these issues.

Sincerely,

Clifford Olshaker

---

[1] Metro by T-Mobile is apparently the same company as Metro PSC, the party subpoenaed by Plaintiff to provide evidence of the call.