# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

March 28, 2023

**VIA ECF**

Honorable James M. Wicks
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  **Harris v. Shore Funding Solutions, Inc.,** Civil Action No. 23-cv-789

Dear Judge Wicks:

Our firm represents the plaintiff in the above-referenced matter. The Plaintiff is submitting this letter in response to the Defendant's Motion to Bifurcate Discovery. As explained below, Shore Funding Solutions, who admits that it has resolved at least three prior lawsuits for unwanted telemarketing conduct in violation of the TCPA, seeks to bifurcate discovery on two points. First, it wants to bifurcate to determine if the Plaintiff owns her telephone line. She does and is producing a redacted phone bill demonstrating as such. *See* Exhibit 1, Affidavit of Tiffany Harris at ¶ 12; Exhibit 2, Redacted Phone Bill. Second, it wants to bifurcate discovery to see if she can prove her individual claim that Shore Funding called the Plaintiff, as she alleges and confirms in her declaration. *See* Exhibit 1 ¶¶ 4-10. Furthermore, Shore Funding admits that it sends pre-recorded messages and pre-recorded messages violate the TCPA when they are made without prior express written consent of a cellular telephone holder. It also admits that after a pre-recorded message is answered, it e-mails the call recipient a funding application. This is exactly what happened to Ms. Harris. *Id.*

Ms. Harris has served discovery on the Defendant, and while the Defendant has not served any discovery on Ms. Harris, it is true that it has asked for a series of documents and information regarding her claim. Ms. Harris, through counsel, provided an e-mail on February 28, 2022 of the e-mail that she got from the Defendant after its pre-recorded message call. A copy of that e-mail is attached. *See* Exhibit 3; Harris Affidavit at ¶ 11.

It is simply not true that Ms. Harris "has no evidence that she was actually called on the day of the complaint", as Defendant alleges. She has the e-mail that she received from Mr. Katz in the same way that Shore Funding concedes it contacts people with a pre-recorded message to be connected to an individual to initiate a financing application. Ms. Harris didn't have a phone

March 28, 2023
Page 2

bill to support her claim because the call happened nearly a year ago and her cellular telephone provider only allows keeps bills available on her account for 90 days.[1] As a result, she then issued a subpoena for that phone bill. There is nothing atypical about that.

However, it is atypical for a federal court to bifurcate a TCPA claims and other Courts in this District have rejected similar requests:

> In fact, bifurcation would have the opposite effect. Much of the discovery sought appears [*7] relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. *Accord* DE [25] (Defendant arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

*Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL, 2016 U.S. Dist. LEXIS 6778, at *6-7 (E.D.N.Y. Jan. 12, 2016). Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another Telephone Consumer Protection Act, 47 U.S.C. 227, case earlier this year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). And even more recently Judge Schofield in the Southern District denied a request to bifurcate earlier this month in another TCPA case in *Reisman v. Northeastern Power and Gas LLC*, ECF No. 12, Civil Action No. 23-cv-620 (S.D. NY.) ("The merits discovery Plaintiff represents that he intends to seek…overlaps substantially with the scope of Defendant's proposed first phase of discovery. In all but the most exceptional cases, the Court permits only one round of summary

---

[1] Indeed, while it denies the conduct alleged in the Complaint, an officer of the Defendant has repeatedly attempted to contact counsel for the Plaintiff to resolve the Plaintiff's claim. *See* Exhibit 4.

March 28, 2023
Page 3

judgment motion practice, though that may occur before or after class certification depending on the circumstances.") Moreover, in another TCPA case pending before this Court, there is no bifurcated discovery as the parties have worked cooperatively in discovery with no discovery dispute related motions filed. *See Naiman v. Big Think Capital Inc.*, Civil Action No. 22-cv-2531.

Shore Funding also submits extensive information about a business that it believes was associated with the Plaintiff's cell phone, which is exactly the type of cell phone line that the Defendant admits it calls with pre-recorded messages. However, the Plaintiff has no affiliation with that business. Harris Affidavit at ¶ 13. It is true that a defendant in another lawsuit also engaged in that same research. Notably, Ms. Harris denied that affiliation as well and a review of the docket in that lawsuit shows that the assertion has not been made since the motion to dismiss stage. That's with good reason: it's simply not true.

Thank you to the Court for its consideration of our submission.

Respectfully Submitted,

Anthony I. Paronich

cc:  All Counsel of Record (Via ECF