FILED
CLERK
April 21, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TIFFANY HARRIS, individually and on
behalf of all others similarly situated,

                Plaintiff,

      -against-

SHORE FUNDING SOLUTIONS INC.,

               Defendant.
-----------------------------------------------------------------X

**ORDER**

23-CV-00789 (JMA) (JMW)

**APPEARANCES:**

Anthony Paronich, Esq.
**Paronich Law, P.C.**
Massachusetts
350 Lincoln St.
Suite 2400
Hingham, MA 02043
*Attorney for Plaintiff*

Clifford B. Olshaker, Esq.
**Law Offices of Clifford B. Olshaker**
98-19 37th Avenue 2nd Fl.
Corona, NY 11368
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Tiffany Harris commenced this case as a class action alleging a violation of the Telephone Consumer Protection Act ("TCPA"). (DE 1). The TCPA bars companies from making calls using automatic telephone dialing systems or using an artificial or pre-recorded voice to cell numbers. *See* 47 U.S.C. § 227 *et seq*. Plaintiff alleges that on April 19, 2022, Defendant Shore Funding Solutions Inc. made an unsolicited pre-recorded telemarketing call to

Plaintiff's number -- (205) 503-XXXX.[1] (DE 1 at ¶¶ 19-20.) Plaintiff then spoke to someone who said they were an employee of the Defendant who promoted a loan and sent a follow up email to her. (*Id.* ¶¶ 20-27.) Plaintiff's Complaint describes a proposed "Robocall Class" consisting of all persons within the United States whose cellular telephone numbers received a call from Defendant or a third-party on its behalf using pre-recorded messages within the four years preceding the complaint. (*Id.* at ¶ 30.) Before the Court now is the Defendant's contested motion for bifurcation of discovery.

The case is in its infancy. At the initial conference, the Court entered a Scheduling Order and set a briefing schedule for Defendant's motion to bifurcate discovery as to Plaintiff's individual claim and the proposed class. (DE 13.) Plaintiff has served discovery requests, but Defendant has not served any. The contested bifurcation motion was subsequently filed. (DE 16.) Oral argument was held on April 21, 2023.[2]

Having considered the parties' arguments, and for the reasons stated herein, Defendant's motion to bifurcate discovery is GRANTED.

### I.     LEGAL STANDARD

Bifurcation "is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim." *Chow v. SentosaCare, LLC*, No. 19-CV-2541 (FR), 2020 WL 559704, at *1 (E.D.N.Y. Jan. 23, 2020). A district court has "considerable discretion to stay discovery" under Federal Rule of Procedure 26(c), with the moving party having the burden of establishing good cause. *See Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v.*

---

[1] The parties have informally agreed to keep the phone number confidential and have referred to it throughout their papers in this redacted format.

[2] Counsel for Plaintiff failed to appear but notified chambers following the argument of the circumstances which the Court finds excusable.

*City of N.Y.*, No. 18-CV-4476 (LJL) (SLC), 2020 WL 1166047, at *5 (S.D.N.Y. Mar. 11, 2020); *Mohammed Thani A.T. Al Thani v. Hanke*, 20-CV-4765 (JPC), 2021 U.S. Dist. LEXIS 395, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) ("Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)" (alteration in original) (quoting *Rep. of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-CV-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (noting that the district court enjoys "broad discretion" in terms of bifurcating discovery).

Good cause may exist "where the 'resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary,'" *Charvat*, 2016 WL 207677, at *2 (quoting *Tabor v. N.Y. City*, No. 11-CV-0195, 2012 WL 603561, at *10 (E.D.N.Y. Feb. 23, 2012)), or where "a narrow, potentially dispositive issue," being "totally distinct from class issues," has the potential render Plaintiff's TCPA claim baseless, *id.* (quoting *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-CV-2132, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014)).

The Federal Rules of Civil Procedure do not squarely address the bifurcation of discovery. *Cunningham v. Big Think Cap. Inc.*, No. 21-CV-02162 (DRH) (JMW), 2021 WL 4407749, at *4 (E.D.N.Y. Sept. 27, 2021) (noting that the Rules "do not specifically address the issue of discovery bifurcation"); *see also* Alexa Ashworth, et al., *Bifurcation of discovery*, 10 Fed. Proc., L. Ed. § 26:88 (Mar. 2023) (noting that the court may bifurcate discovery, for example, "in class actions into sections related to the claims of the named plaintiffs and the class claims"). Rather, when confronted with the issue, courts turn to Rule 42(b), which sets forth the standard to be applied when considering consolidation and separation of cases for trial. *See id.* (citing Fed. Civ. P. 42(b)). Borrowing from Rule 42, courts contemplate bifurcating discovery

3

"[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. Civ. P. 42(b); *see Charvat v. Plymouth Rock Energy, LLC*, No. 15- CV-4106 (JMA) (SIL), 2016 WL 207677, at *1 (E.D.N.Y. June 5, 2013) ("The standards applicable to motions to bifurcate discovery appear to be the same as those addressed under Fed. R. Civ. P. 42(b).").

However, a survey of past cases within this Circuit suggests that bifurcation is the exception, not the rule. Indeed, courts are likely to deny bifurcation "where discovery relating to class issues overlaps substantially with merits discovery" given that, in such circumstances, "bifurcation will result in duplication of efforts and needless line-drawing disputes." *Id.* at *1 (quoting *Hines v. Overstock.com, Inc.*, No. 09-CV-991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2020)). Moreover, courts will not bifurcate if bifurcation will simply delay class certification or obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff. *Id.* (citing *True Health Chiropractic Inc. v. McKession Corp.*, No. 13-CV-2219 (JST), 2015 WL 273188, at *2–3 (N.D. Cal. Jan. 20, 2015)).

## II. DISCUSSION

Defendant seeks to bifurcate individual and class discovery to explore the threshold issue of whether Plaintiff received a call from Defendant at the (205) 503-XXXX number on April 19, 2022, and whether Plaintiff owns the phone to which the number is assigned. (DE 16 at 6.) Defendant requests a 90-day period for this limited discovery. Plaintiff prefers the status quo, with all discovery – as to the Plaintiff and Class – proceeding concomitantly.

Defendant relies on the following to establish good cause: (1) the limited discovery sought is distinct from class issues, (2) bifurcation would avoid unnecessary expensive and time-consuming class-discovery, (3) Plaintiff did not attach any evidence of a phone call to her Complaint and provides no evidence that the call actually took place, and (4) in another case involving the same Plaintiff, the defendant's counsel identified the (205) 503-XXXX number as

4

being advertised in connection with a custom home building business rather than with Plaintiff. (DE 16 at 5.) Plaintiff, on the other hand, resists bifurcation on the basis that: (1) there is evidence that Plaintiff received the phone call and owns the number, and (2) it is atypical to bifurcate discovery. (DE 17 at 2-3.)

Defendant's request for limited discovery as to (1) whether Plaintiff received a phone call on April 19, 2022, and (2) whether she owns the phone number -- because Plaintiff has not offered any evidence to support either allegation. Plaintiff in response attached a phone bill (DE 17-2) that reflects that the (205) 503-XXXX number belongs to her and copy of the email she received after the alleged phone call (DE 17-3). Defendant contends that Plaintiff has not laid a foundation for the phone bill as a business record. As to the email, Defendant notes that it is addressed to a "William," not Plaintiff. (DE 17-3.) Additionally, the email does not reference a phone call. (DE 17-3.)

Plaintiff also provided an affidavit that states that she owns the phone number (205) 503-XXXX, received a pre-recorded call on April 19, 2022, from Defendant and after speaking with someone named "Dan Katz" identifying themselves as an employee of Defendant, received an email from Dan Katz consistent with the offer made on the call. (DE 17-1.) Plaintiff further states that she has produced a redacted copy of her phone bill to show she owns the number at issue and that she has no affiliation with the person or business that Defendant's counsel states appears to be associated with the number. (DE 17-1.)

Defendant argues that the affidavit is null and void because it does not conform to the requirements for an unsworn declaration under 28 U.S.C. § 1746 and can be given no weight. (DE 16-2 at 2.) However, section 1746(2) permits submission of an unsworn declaration to the court if it includes a statement substantially in the following form as required: "I declare (or

5

certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." *See* 28 U.S.C. § 1746(2). The affidavit provides that it was "Executed under the pains and penalties of perjury at warrior Alabama this 28th day of March, 2023." (DE 17-1.) This is sufficient. *See LeBoeuf, Lamb, Greene MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999) (finding a signed and dated affidavit stating "[u]nder penalty of perjurys, I make the statements contained herein" substantially complied with § 1746(2) even though it did not state the exact language or that the contents were "true and correct").

Considering all the above, limiting discovery for a certain period as to whether Defendant in fact even called Plaintiff at that number would be efficient and avoids costly and potentially unnecessary class discovery in this matter. Defendant maintains that it has no record whatsoever of a call made to (205) 503-XXXX on April 19, 2022. (DE 16 at 4.) Defendant's counsel even candidly states that this is the first TCPA case where his client has no such record. (DE 16 at 4.) Defendant also points to the fact that Plaintiff subpoenaed her own cellphone carrier to obtain evidence regarding the call, that subpoena was returnable April 6, 2023, yet Plaintiff has not indicated what response, if any, was received from the carrier. (DE 16-2 at 2.)

First, limited discovery regarding whether Defendant called Plaintiff would not overlap with and is distinct from class issues. In *Charvat*, the court found much of the discovery sought was relevant not only to the individual claims but also to the class claims including documents related to "telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers" and more. *Id.* at *2. Presumably, Defendant's proposed discovery would involve Plaintiff's cellphone records, Defendant's call records for April 19, 2022, and other categories that do not specifically relate to the larger proposed class of individuals who received calls within the four years predating the

6

complaint. This would also include Defendant's records as they relate to outgoing calls to Plaintiff.

Thus, this is not an instance where the proposed limited discovery "overlaps substantially" with class discovery and where "bifurcation will result in duplication of efforts and needless line-drawing disputes." *Charvat*, 2016 WL 207677, at *1. *Cf. Physicians Healthsource, Inc.*, 2014 WL 413534, at *4 (finding the issue of whether the faxes sent to Plaintiff were informational, and thus, actionable under the TCPA, to be totally distinct from class issues); *see also Leschinsky v. Inter–Continental Hotels Corp.*, No. 8:15-cv-1470-T-30 (MAP), 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting limited discovery for 90 days in a TCPA case to whether the named plaintiff received the calls manually and how many calls were made) (cited in *Charvat*, 2016 WL 207677, at *2).

Second, resolution of this "narrow, potentially dispositive issue" has the potential to render Plaintiff's TCPA claim baseless and may resolve the case since Defendant intends to initiate dipositive motion practice following discovery as to whether Plaintiff received a phone call from Defendant on April 19, 2022. (DE 16 at 4). *See Charvat*, 2016 WL 207677, at *1. Moreover, unlike in *Charvat*, where the complaint identified two other individuals that the Court noted could serve as class representatives if Plaintiff's claim was defeated, here no one else is specifically identified, and thus, resolution of Plaintiff's claim can lead to a "prompt, efficient resolution of this litigation." *Charvat*, 2016 WL 207677, at *3.

Third, limited discovery here has the potential to save the parties from the costs resulting from class action discovery, which can involve "hefty litigation expenses and an extensive use of judicial resources . . . ." *Physicians Healthsource, Inc.*, 2014 WL 413534, at *4. Those costs can be particularly unforgiving for defendants. *See id.* For example, here Defendant notes that Plaintiff

7

has already propounded discovery requests that include a document demand for Defendant to "produce all documents containing . . . information for each outbound telemarketing call sent by you or your vendors" in the last four years. (DE 16 at 4; DE 16-1). Again, compare with *Charvat* where the court noted that defendant had submitted no information suggesting that the discovery requests would be voluminous, unduly burdensome to produce or disproportionate to the needs of the case. *See Charvat*, 2016 WL 207677, at *2. Defendant there did not identify which discovery requests could be objectionable as class based. *See id.*

Plaintiff relies heavily on *Charvat*, 2016 WL 207677, at *6-7, *Reisman v. Northeastern Power and Gas LLC*, No. 23-CV-620 (S.D.NY. Mar. 3, 2023) (memo endorsement) (DE 12), and *Katz v. Allied First Bank, SB, Civil Action*, No. 22-CV-5277 (N.D. Ill. Jan. 3, 2023) (electronic order) (DE 14). However, each of those cases denied motions to bifurcate because of the substantial overlap of discovery identified between Plaintiff's claim and the anticipated class discovery. That is not the case here. Plaintiff also points to *Naiman v. Big Think Capital Inc.*, No. 22-cv-2531 (WFK) (JMW) (E.D.N.Y. filed May 3, 2023) as an example of a TCPA case where parties have proceeded without bifurcated discovery. The simple fact that parties in one other case did not seek to bifurcate discovery holds no persuasive value with respect to the propriety of bifurcation here where, *inter alia*, the proposed discovery does not substantially overlap with class discovery . *Cf. Cunningham*, 2021 WL 4407749, at *4 (defendant sought bifurcation though the motion was denied because of the substantial overlap between merits and class discovery as to the question of consent).

In sum, Defendant has established good cause for limited discovery related to Plaintiff's individual claim -- specifically as to the issue of whether Defendant made a call to Plaintiff on April 19, 2022 at the (205) 503-XXXX number. Given that such discovery would not result in

duplication of efforts or substantially overlap with class discovery, it would be practical and would ensure the "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Moreover, granting Defendant's motion will not cause undue burden and expense to Plaintiff nor would it prejudice Plaintiff because this case is in the nascent stages. Defendant conceded at oral argument a 90-day period was not necessary to complete limited discovery. As such, the limited discovery shall conclude on or before June 30, 2023.

## CONCLUSION

Defendant's motion for bifurcation of individual and class discovery is therefore GRANTED as follows: discovery is limited to whether on April 19, 2022 Plaintiff received a call from Defendant at the (205) 503-XXXX number and ownership of the subject phone. This also includes discovery of Defendant as to calls made to Plaintiff. This limited discovery shall be complete on or before June 30, 2023. On or before June 23, 2023, the parties are directed to file a joint status report with a proposed schedule for remaining discovery following the limited discovery ordered herein.

Dated: Central Islip, New York
      April 21, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge